[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2008
THOMAS K. KAHN
CLERK

No. 07-13045
Argument Calendar

_____

D. C. Docket No. 05-01221-CV-T-27EAJ

ERIC PACE,

Plaintiff-Appellant,

versus

OFFICER KRISTOPHER S. AHLER,
individually and in his official capacity,

Defendant-Appellee.

_____

No. 07-13444

_____

D. C. Docket No. 05-01221-CV-T-27-EAJ

ERIC PACE,

Plaintiff-Appellant,

versus

CITY OF PALMETTO,
a municipal corporation,
OFFICER KRISTOPHER S. AHLER,
individually and in his official capacity,

Defendants-Appellees.

Appeals from the United States District Court
for the Middle District of Florida

**(June 20, 2008)**

Before **EDMONDSON**, Chief Judge, **BLACK** and **FARRIS**,* Circuit Judges.

PER CURIAM:

Eric Pace appeals the district court's grant of summary judgment to officer Kristopher Ahler and the City of Palmetto on claims arising under 42 U.S.C. § 1983 and state tort law. All claims rely on Pace's contention that officer Ahler acted unreasonably when he used a police dog to apprehend Pace. Ahler released the dog after Pace fled from a stolen vehicle and hid from police in a mangrove swamp at night. The district court found officer Ahler's use of the police dog did not constitute a violation of the Fourth Amendment and Ahler was therefore entitled to qualified immunity. Due to the lack of a constitutional violation, the district court dismissed the § 1983 claims against officer Ahler and the City of Palmetto. In similar fashion, the district court concluded Ahler was entitled to statutory immunity against the state tort claim because Pace had not demonstrated Ahler acted maliciously or in bad faith. *See* § 768.28(9)(a), Fla. Stat. On appeal,

---

* Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Pace argues the district court's conclusions were erroneous.

"Courts should determine the 'objective reasonableness' of a seizure by balancing the 'nature and quality of the intrusion' against the 'governmental interest at stake.'" *Mercado v. City of Orlando*, 407 F.3d 1152, 1157 (11th Cir. 2005) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). We perform this balancing test by measuring "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

After reviewing the record *de novo*, and with the benefit of briefing and oral argument, we conclude the district court committed no reversible error. Viewing the facts of this case in the light most favorable to Pace, no constitutional violation occurred under *Graham* because officer Ahler's use of a police dog was not objectively unreasonable. The state tort claim similarly fails because officer Ahler did not act maliciously or in bad faith. Therefore, we affirm the judgments of the district court.

**AFFIRMED.**